IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 22-cv-01469-PAB

GARY C. DOLAN,

    Plaintiff,

v.

DR. KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on the Complaint [Docket No. 1] filed by plaintiff Gary C. Dolan on June 10, 2022. Mr. Dolan seeks review of the final decision of defendant (the "Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-33. *See* Docket No. 1 at 1, ¶ 1. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).[1]

### I.    BACKGROUND

On December 19, 2019, Mr. Dolan filed an application for disability insurance benefits under Title II of the Act. R. at 21. Mr. Dolan alleged a disability onset date of December 19, 2019. *Id*. The Social Security Administration ("SSA") initially denied Mr. Dolan's application on July 20, 2020 and denied the application upon reconsideration on

---

[1] The Court has determined that it can resolve the issues presented in this matter without the need for oral argument.

January 15, 2021. *Id*. Mr. Dolan requested a hearing before an administrative law judge ("ALJ"). *Id*. On August 17, 2021, due to the Coronavirus pandemic, the ALJ held a telephonic hearing. *Id*. Mr. Dolan was represented by an attorney, William Dawson, at the hearing. R. at 21, 39.

On November 10, 2021, the ALJ issued a decision finding that Mr. Dolan was not disabled under the Act. R. at 22, 34. The ALJ found that Mr. Dolan has not engaged in substantial gainful activity since December 19, 2019, the alleged disability onset date. R. at 23. The ALJ found that Mr. Dolan has the following severe impairments: peripheral neuropathy; obesity; post-traumatic stress disorder ("PTSD") with panic attacks; persistent depressive disorder; residual pain from bilateral total knee arthroplasties; right shoulder rotator cuff tendinosis; facet arthrosis at lumbosacral junction; and early osteoarthritis of the right hip. *Id*. The ALJ determined that Mr. Dolan does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. R. at 24. Ultimately, the ALJ concluded that Mr. Dolan has the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) except he can do occasional balancing, stooping, kneeling, crouching, and crawling, but no climbing ladders, ropes, or scaffolds. He can do frequent overhead reaching with the right upper extremity. He can do no work around moving mechanical parts or unprotected heights. He can perform work that takes up to six months to learn.

R. at 27. The ALJ determined that Mr. Dolan, who at the time of the application was 55 years old, was unable to perform any past relevant work, including his past work as a sheriff's deputy. R. at 32. However, the ALJ determined that Mr. Dolan was capable of performing other jobs that exist in significant numbers in the national economy,

including jobs such as a gate guard, security guard, or motor vehicle inspector. R. at 33.

On April 15, 2022, the Appeals Council denied Mr. Dolan's request for a review of the ALJ's decision. R. at 1. Accordingly, the ALJ's decision, dated November 10, 2021, is the final decision of the Commissioner. On October 18, 2022, Mr. Dolan filed an opening brief in this appeal. Docket No. 10. On November 16, 2022, the Commissioner filed a response. Docket No. 11. On December 2, 2022, Mr. Dolan filed a reply. Docket No. 12.

## II.     STANDARD OF REVIEW

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *See Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). The district court may not reverse an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in his decision. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is "more than a mere scintilla," and "means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (citation, alterations, and quotation omitted). "The threshold for such evidentiary sufficiency is not high." *Id*. However, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The district court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the

3

substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).  Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

## III.   THE FIVE-STEP EVALUATION PROCESS

To qualify for disability benefits, a claimant must have a medically determinable physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy.  42 U.S.C. §§ 423(d)(1)-(2).  Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).  The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled.  20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).  The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. §§ 404.1520(b)–(f)).  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).  The claimant has the initial burden of establishing a case of disability.  However, "[i]f the claimant is not

4

considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).  While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts."  *Hill v. Sullivan*, 924 F.2d 972, 974 (10th Cir. 1991).

## IV. DISCUSSION

Mr. Dolan argues that there are three errors in the ALJ's decision: (1) the ALJ's evaluation of Mr. Dolan's subjective complaints related to his PTSD, panic attacks, and depression are erroneous and not supported by substantial evidence; (2) the ALJ's RFC finding is legally erroneous because the ALJ failed to include any specific mental limitations correlating to Mr. Dolan's severe impairments of PTSD with panic attacks and depression; and (3) the ALJ did not meet his burden at step five because the hypothetical question posed to the vocational expert was not supported by substantial evidence.  Docket No. 10 at 14-24.

### A. Evaluation of Mr. Dolan's Subjective Complaints

Mr. Dolan argues that the ALJ failed to provide an adequate explanation for the conclusion that Mr. Dolan's statements regarding his symptoms were inconsistent with the record.  *Id*. at 21.  Specifically, Mr. Dolan argues that the ALJ provided a "boilerplate statement" that Mr. Dolan's subjective complaints were "not entirely consistent" with the evidence of record, but the ALJ provided no explanation for this conclusion.  *Id*. at 22. Mr. Dolan asserts that the ALJ did not mention Mr. Dolan's symptoms related to his

5

PTSD, such as difficulty handling stress, needing to isolate, and difficulty trusting other people. *Id*. The Commissioner responds by claiming that Mr. Dolan ignores the ALJ's thorough discussion of why the medical evidence was inconsistent with plaintiff's claims. Docket No. 11 at 16. The Commissioner asserts that the ALJ found that Mr. Dolan's claims were inconsistent with medical evidence showing normal range of motion, normal strength, and mild findings in imaging, as well as normal attention and concentration, average knowledge, good judgment, and normal speech. *Id*. at 15 (citing R. at 28).

The framework for an ALJ to evaluate a claimant's statements about his symptoms is explained in 20 C.F.R. § 404.1529(c)(4):

> We will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and we will evaluate your statements in relation to the objective medical evidence and other evidence, in reaching a conclusion as to whether you are disabled. *We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence*, including your history, the signs and laboratory findings, and statements by your medical sources or other persons about how your symptoms affect you.

20 C.F.R. § 404.1529(c)(4) (emphasis added); *see also Luthy v. Saul*, No. 17-cv-2206-PAB, 2020 WL 6938300, at *6 (D. Colo. Nov. 25, 2020). "[I]f an individual's statements about the intensity, persistence, and limiting effects of symptoms are inconsistent with the objective medical evidence and the other evidence, we will determine that the individual's symptoms are less likely to reduce his or her capacities to perform work-related activities or abilities to function independently, appropriately, and effectively in an age-appropriate manner." *Luthy*, 2020 WL 6938300, at *6 (quoting SSR 16-3p, 2016 WL 1119029, at *7 (Mar. 16, 2016)). An ALJ should consider the following factors relevant to a claimant's symptoms: (1) daily activities; (2) the location, duration,

6

frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (5) treatment, other than medication, received for relief of pain or other symptoms; (6) any measures used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. Id. (citing 20 C.F.R. § 404.1529(c)(3)).

This Court's review of the ALJ's credibility determinations is guided by two principles. First, "[c]redibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." Id. at *7 (quoting Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995)). Second, "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Id. (quoting Kepler, 68 F.3d at 391).

The Court finds that the ALJ properly applied SSR 16-3p. In describing Mr. Dolan's complaints, the ALJ stated that

> [t]he claimant alleged disability due to a combination of physical and mental conditions. He had two knee replacements in 2017 that left him unable to bend over or stand for long periods. He also had neuropathy, a burning pain in his feet and hands, along with lower back pain and hip pain. He claimed that he could not grip without pain and tingling in his hands. He also had nightmares from things he saw while working for the sheriff's department. He testified that he could no longer go up and down stairs, could barbeque outside if he had a stool, could vacuum, and sweep the floor, but could not bend over. Sometimes his hands would lock up on the steering wheel, due to arthritis and neuropathy in the left hand, according to his testimony. He testified that he had chronic PTSD that prevented him from sleeping, woke him at night sweating from anxiety, and he took anti-depressants that fogged his brain.

R. at 28 (internal citations omitted). The ALJ found that Mr. Dolan's medically determinable impairments could reasonably be expected to cause his alleged

7

symptoms, but Mr. Dolan's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. *Id.* The ALJ stated that Mr. Dolan's statements about the intensity, persistence, and limiting effects of his symptoms were "inconsistent because physical exams were generally normal, showing he could ambulate with a normal gait, unassisted, had normal range of motion, and full motor strength, while imaging showed only mild findings." *Id.* (citing R. at 360, 365, 367, 390). The ALJ also found that Mr. Dolan's "[m]ental status exams revealed normal attention and concentration, average fund of knowledge and intelligence, and good judgment, as well as normal speech and thought, with no delusion and normal mood." *Id.* (citing R. at 367-68, 372, 392). Contrary to Mr. Dolan's argument, the ALJ did not include a "boilerplate statement" with no analysis. *See* Docket No. 10 at 22. The ALJ analyzed the findings of Mr. Dolan's physical exams and mental exams for several pages. R. at 28-30. "[S]o long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, he need not make a formalistic factor-by-factor recitation of the evidence." *Orso v. Colvin*, 658 F. App'x 418, 421 (10th Cir. 2016) (unpublished) (quoting *Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012)). Accordingly, the ALJ's determination – that Mr. Dolan's statements concerning the intensity, persistence, and limiting effects of his symptoms were not consistent with the medical evidence – is supported by substantial evidence. As a result, the Court rejects Mr. Dolan's first argument.

### B. <u>RFC Finding</u>

Mr. Dolan argues that the ALJ's RFC finding is legally erroneous because the ALJ did not include any specific mental limitations correlating to Mr. Dolan's PTSD with

8

panic attacks and depression, despite finding that Mr. Dolan's PTSD and depression were severe impairments.  Docket No. 10 at 14-15.  Mr. Dolan argues that the ALJ only limited Mr. Dolan to "work that takes up to six months to learn." *Id*. at 15 (quoting R. at 27).[2]  Mr. Dolan asserts that the RFC finding only addressed the time required to learn a job, instead of depicting individualized limitations caused by Mr. Dolan's PTSD and depression. *Id*. at 16.  Mr. Dolan argues that, at minimum, the RFC finding should have addressed Mr. Dolan's abilities to understand, carry out, and remember instructions; to respond appropriately to supervision, co-workers, and the public; and to deal with changes in a routine work setting.  *Id*. (citing SSR 85-15, 1985 WL 56857, at *4 (S.S.A. Jan. 1, 1985)).[3]

The Commissioner responds that the ALJ's RFC finding is supported by substantial evidence and Mr. Dolan's argument is improperly asking the Court to reweigh the evidence.  Docket No. 11 at 11-12.  The Commissioner argues that the state agency psychologists agreed that the functional issues caused by Mr. Dolan's

---

[2] Mr. Dolan asserts that "work that takes up to six months to learn" is "semi-skilled work" as defined by Social Security policy.  Docket No. 10 at 15 (citing SSR 00-4P, 2000 WL 1898704, at *3 (S.S.A. Dec. 4, 2000)).  The Commissioner agrees with this statement.  *See* Docket No. 11 at 11-12.

[3] In his complaint, Mr. Dolan asserts that the ALJ found, at step three, that Mr. Dolan had the following paragraph B limitations: "(1) *moderate* limitation in understanding, remembering or applying information; (2) *mild* limitation in interacting with others; (3) *mild* limitation in concentrating, persisting or maintaining pace; and (4) *mild* limitation in adapting or managing oneself."  Docket No. 1 at 2, ¶ 9.  Mr. Dolan argues that the ALJ's RFC finding did not contain any assessment of the limitations that the ALJ found at step three.  *Id*.  Mr. Dolan did not include this argument in his opening brief.  To the extent Mr. Dolan argues that the ALJ was required to mirror his step three findings in the RFC, the Court rejects this argument.  *See Beasley v. Colvin*, 520 F. App'x 748, 754 n.3 (10th Cir. 2013) (unpublished) (rejecting plaintiff's argument that prior case law requires "an ALJ's RFC assessment to mirror his step three-findings"); *D.G. v. Kijakazi*, No. 21-cv-01655-NYW, 2022 WL 2666033, at *8 (D. Colo. July 11, 2022) ("the Tenth Circuit has disagreed with the proposition that the ALJ necessarily *must* incorporate limitations found at step three into the RFC assessment").

mental impairments would be fully accounted for by a limitation to semi-skilled work.  *Id*. at 12.  The Commissioner states that Mr. Dolan did not challenge the ALJ's finding that these prior administrative medical findings were persuasive, and that Mr. Dolan simply argues that some additional limitations should be found, without citing any evidence in the record supporting additional limitations.  *Id*. at 12-13.[4]

"As recognized by both the Social Security regulations and Tenth Circuit case law, a claimant's functional ability is distinct from the skill level required to perform a particular job."  *Valdez v. Saul*, No. 17-cv-02610-PAB, 2020 WL 2832372, at *4 (D. Colo. June 1, 2020) (citing *Chapo v. Astrue,* 682 F.3d 1285, 1290 n.3 (10th Cir. 2012) (fact that jobs were classified as unskilled "accounted for issues of skill transfer, not impairment of mental functions – which are not skills but, rather, general prerequisites for most work at any skill level"); SSR 85-15, 1985 WL 56857, at *6 ("Because response to the demands of work is highly individualized, the skill level of a position is not necessarily related to the difficulty an individual will have in meeting the demands of the job.  A claimant's condition may make performance of an unskilled job as difficult as an objectively more demanding job."); *Marquez-Hernandez v. Comm'r*, No. 17-cv-01513-MSK, 2018 WL 2328401, at *4 (D. Colo. May 22, 2018) (noting the "well-established distinction between work-related skills . . . and intact or impaired mental function")).

---

[4] Additionally, the Commissioner argues that Mr. Dolan's citation to SSR 85-15 is irrelevant because SSR 85-15 "provides guidance for cases where *only* non-exertional limitations are found" and Mr. Dolan has exertional limitations.  Docket No. 11 at 12-13.  However, the Tenth Circuit has stated that, even when a claimant has exertional impairments, "SSR 85-15 is still useful for its discussion of the mental requirements for unskilled work."  *Jaramillo v. Colvin*, 576 F. App'x 870, 877 n.6 (10th Cir. 2014) (unpublished).  Accordingly, the Court rejects this argument.

The Tenth Circuit has "generally held that restricting a claimant to particular work activities does not adequately account for the claimant's mental limitations." *Parker v. Comm'r*, 772 F. App'x 613, 616 (10th Cir. 2019) (unpublished) (citing *Chapo*, 682 F.3d at 1290 n.3). However, the ALJ "can sometimes account for mental limitations by limiting the claimant to particular kinds of work." *Id*. (citing *Vigil v. Colvin*, 805 F.3d 1199, 1203-04 (10th Cir. 2015)); *see also Smith v. Colvin*, 821 F.3d 1264, 1269 (10th Cir. 2016) ("an administrative law judge can account for moderate limitations by limiting the claimant to particular kinds of work activity"); *Berumen v. Colvin*, 640 F. App'x 763, 766 (10th Cir. 2016) (unpublished); *Lager v. Comm'r*, 2023 WL 6307490, at *2 (10th Cir. Sept. 28, 2023). A "restriction to unskilled work can account for a mental impairment in an appropriate case, for example, when the relationship between skill level and mental capacity is obvious . . . or when an ALJ credits a medical-source opinion that a claimant's [mental] deficit does not affect the ability to do unskilled work." *Evans v. Colvin*, 640 F. App'x 731, 738 (10th Cir. 2016) (unpublished). "The ALJ's finding of moderate limitations at step three 'does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment.'" *Patterson v. Colvin*, 662 F. App'x 634, 638 (10th Cir. 2016) (unpublished) (quoting *Vigil*, 805 F.3d at 1203). Rather, a "case-by-case analysis is required to determine whether an RFC's limitations adequately account for all impairments found by the ALJ and supported by the record." *Marquez-Hernandez*, 2018 WL 2328401, at *7.

In *Vigil*, the Tenth Circuit held that an RFC limitation to "unskilled work" adequately accounted for the claimant's moderate limitations in concentration, persistence, and pace because the ALJ found that the claimant had "normal thought processes" as well as "a normal ability to recall items on immediate recall, and an ability

11

to spell words forward," which "indicated that [the claimant] retained enough memory and concentration to perform at least simple tasks." *Vigil*, 805 F.3d at 1203-04 (internal alterations and citation omitted).

At step three, the ALJ found that Mr. Dolan had a moderate limitation in "understanding, remembering, or applying information" and had mild limitations in "interacting with others," "concentrating, persisting or maintaining pace," and "adapting or managing oneself." R. at 26. The RFC limits Mr. Dolan to "work that takes up to six months to learn" due to Mr. Dolan's "PTSD and depression." R. at 27, 32. The ALJ stated that Mr. Dolan's "[m]ental status exams were mostly normal with intact memory and concentration, but he had occasional depressed and anxious moods." R. at 32. The ALJ found that the opinions of Dr. Cathy Word-Allen and Dr. Gayle Frommelt supported the mental limitations. *Id*. The ALJ explained that Dr. Word-Allen "opined that the claimant could do work involving some skills but not more complex duties, work requiring up to six months to learn the techniques needed for an average performance." R. at 30 (citing R. at 89). Dr. Frommelt "agreed with the initial mental limitations." *Id*. (citing R. at 114).[5] The ALJ explained that the "mental limitations are supported by mostly normal mental status exams, combined with some slightly decreased recall, but still within normal limits. Exams showed normal cognition, intelligence, attention, thought, and speech, all of which supports a limit to being able to learn job tasks within six months' time." *Id*. (internal citation omitted). Dr. Word-Allen and Dr. Frommelt found

---

[5] The ALJ found that a conflicting opinion from Dr. Russell Thye, regarding plaintiff's mental limitations, was unpersuasive because the opinion was not consistent with its own exam findings, as well as with other medical evidence and reports in the record. R. at 31. Mr. Dolan did not challenge this finding on appeal.

that Mr. Dolan had no limitations for concentration and persistence, social interaction, or adaptation.  R. at 88-89, 113-114.

The Court finds that the ALJ's limitation to "work that takes up to six months to learn" (or semi-skilled work) sufficiently accounts for Mr. Dolan's moderate limitation in understanding, remembering, or applying information.  *See* R. at 27.  Similar to *Vigil*, the ALJ specifically referenced that Mr. Dolan's exams showed "normal cognition," "combined with some slightly decreased recall, but still within normal limits," which "supports a limit to being able to learn job tasks within six months' time."  R. at 30; *see also Vigil*, 805 F.3d at 1203-04.  Furthermore, the ALJ found that the opinions of Dr. Word-Allen and Dr. Frommelt, concluding that Mr. Dolan's mental impairments would be accounted for by a limitation to semi-skilled work, were persuasive.  R. at 30, 32.  The restriction to semi-skilled work in this case was appropriate because "the relationship between [the] skill level and mental capacity is obvious" and the ALJ credited Dr. Word-Allen and Dr. Frommelt's opinions that Mr. Dolan could do semi-skilled work.  *See Evans*, 640 F. App'x at 738; *see also Garcia v. Colvin*, No. 14-cv-02914-NYW, 2016 WL 1028297, at *6-7 (D. Colo. Mar. 15, 2016) (holding that ALJ's limitation to "unskilled work" sufficiently accounted for claimant's moderate limitations in the ability to understand, remember, and carry out detailed instructions); *Patterson*, 662 F. App'x at 639 (holding that evidence in the record regarding claimant's mental status, including the psychological opinions, supported "the ALJ's RFC determination that limiting [claimant] to 'simple, unskilled work involving routine, repetitive tasks' . . . would adequately account for his limitations in social functioning, and in concentration, persistence, and pace"); *Harry v. Berryhill*, No. 18-cv-02332-KLM, 2019 WL 4667996, at *10 (D. Colo. Sept. 25, 2019) (holding that ALJ did not commit reversible error by

limiting claimant to "unskilled work" in order to account for claimant's mild mental impairments). Mr. Dolan fails to identify any additional limitations that the ALJ should have adopted based on the record. *See Orso*, 658 F. App'x at 420. Accordingly, the Court finds that the ALJ applied the correct legal standard and the ALJ's decision was supported by substantial evidence. The Court therefore rejects Mr. Dolan's second argument.

### C. Hypothetical Question

Mr. Dolan argues that the ALJ's hypothetical question to the vocational expert at step five was not supported by substantial evidence. Docket No. 10 at 23. At the hearing, the ALJ asked the vocational expert the following question:

> If we take a person the claimant's age, education, work background, for the first one, let's say such a person can perform light work as defined by the regulations. We'll say no ladders, ropes or scaffolds. . . . Yeah, I'm going to say no more than occasional in terms of balancing as that term is defined in the SCO. And then, we'll say no more than occasional in terms of ramps and stairs, stoop, crouch, kneel and crawl. We'll limit right overhead reaching to frequent, that's the right dominant side – yep, right dominant overhead reach to frequent. No exposure to moving mechanical on non-protected heights. And then, yeah – and then, lastly, such a job should not – should – well, let's say such a person could perform work that takes up to six months to learn. If we start with that, where does that leave us with the past work?

R. at 68-69. Mr. Dolan argues that this question was not supported by substantial evidence because the ALJ did not "include limitations that could reasonably relate to Mr. Dolan's PTSD with panic attacks, and depression" and, instead, "merely limited the time it took Mr. Dolan to learn how to do a job." Docket No. 10 at 23.

"Because we have already concluded that the ALJ was not required to include any of those limitations in his RFC finding . . ., the ALJ's hypothetical to the [vocational expert] was not flawed." *Fulton v. Colvin*, 631 F. App'x 498, 508 (10th Cir. 2015) (unpublished); *see also Smith*, 821 F.3d at 1270 (discussing how, in a hypothetical

14

question to the vocational expert, the ALJ "had to ask only about the effect of those limitations ultimately assessed; the judge did not need to ask about the effect of limitations that he didn't believe applied"); *Garcia*, 2016 WL 1028297, at *7 (finding no error in the ALJ's hypothetical question because the court found no error in the ALJ's RFC determination).  Accordingly, the Court rejects Mr. Dolan's third argument.

## V.   CONCLUSION

For these reasons, it is

**ORDERED** that the decision of the Commissioner that plaintiff is not disabled is **AFFIRMED**.  It is further

**ORDERED** that this case is closed.

DATED November 27, 2023.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge
